UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANIBETH BRAVO,<br><br>   Plaintiffs,<br><br> v.<br><br>TIKTOK INC., et al.,<br><br>   Defendants. | CASE NO.: 1:23-cv-00225 |

**AGREED MOTION TO STAY PROCEEDINGS PENDING JPML RULING**

 Plaintiff Anibeth Bravo and Defendants TikTok Inc. and ByteDance Inc. (collectively, "Defendants") (together with Plaintiff, "the Parties"), by and through their respective counsel of record, hereby submit this agreed motion to stay all proceedings and deadlines in this action pending resolution of proceedings before the United States Judicial Panel on Multidistrict Litigation ("JPML") that, as discussed further herein, may affect the venue in which this case shall proceed.

 1. Plaintiffs filed a Complaint in the above-captioned action on January 13, 2023 ("*Bravo* action").

 2. A plaintiff in one of the related cases, *Recht v. TikTok, Inc.*, No. 2:22-cv-08613 (C.D. Cal. Nov. 25, 2022), filed a motion on December 15, 2022, to consolidate the *Recht* action and other related cases into a new MDL in the Central District of California: *In re TikTok In-App Browser Consumer Privacy Litigation* (**MDL No. 3067**).

 3. There are currently fifteen related civil actions, including this one, pending in courts around the country, that are the subject of competing motions seeking transfer and consolidation of these cases by the JPML. All the motions are set to be heard by the JPML on March 30, 2023.

4. In light of the pending MDL proceedings, which may affect the venue in which this case will proceed, the Parties agree that all proceedings and deadlines in the present case should be stayed until the JPML has made a decision on transfer or consolidation of this action.

5. The parties in the related actions have likewise stipulated to stay those proceedings, and Defendants will continue to seek stays in any newly filed actions subject to the outcome of the JPML proceedings.

6. As federal courts sitting in Illinois have routinely recognized, a brief stay pending resolution of JPML proceedings is "warranted" to "preserv[e] judicial resources and avoid[] duplicative efforts." *Walter v. Monsanto Co.*, 2019 WL 13223281, at *2 (N.D. Ill. Oct. 30, 2019) (granting motion to stay proceedings "pending the JPML's transfer ruling"); *Paul v. Aviva Life & Annuity Co.*, 2009 WL 2244766, at *2 (N.D. Ill. July 27, 2009) (likewise granting stay pending JPML proceedings); *see also Evans v. Pfizer, Inc.*, 2022 WL 17105993, at *1 (S.D. Ill. Nov. 22, 2022) (granting "parties' joint request for a stay so the parties could negotiate an appropriate forum for this case").

7. As the Court in *Paul* noted, "[i]n deciding whether to grant a stay pending the JPML decision to transfer a case to an MDL, courts consider: (1) whether judicial economy favors a stay; (2) the potential prejudice to the non-moving party; and (3) any hardship or inequity to the moving party if the case is not stayed." *Paul*, 2009 WL 2244766, at *1. The first factor, judicial economy, favors a stay in these circumstances because permitting the case to proceed to motion practice would "run the risk of expending valuable judicial resources familiarizing [our]self with the intricacies of a case that may be coordinated or consoli[dated] for pretrial purposes in another court." *Id.* The second factor likewise favors a stay because any delay is "brief." *Id.* And the third factor, the hardship or inequity faced by the moving party, favors a stay because the parties could "be faced with conflicting decisions on similar pre-trial issues" and forced "to participate in duplicative discovery" if the stay is not granted. *Id.* at *2.

8. All three factors weigh in favor of staying this case pending further order of the JPML. In further support of this agreed motion, the Parties will submit by email to this Court (at

Proposed_Order_Pacold@ilnd.uscourts.gov) a proposed order granting the relief requested in this motion.

WHEREFORE, the Parties, through their undersigned counsel, hereby agree and respectfully request that the Court order as follows:

1. All proceedings and deadlines, including but not limited to the requirement for any party to file a pleading, responsive pleading, or motion under Federal Rules of Civil Procedure 8, 9, 12, or 23, and any case management filing deadlines, shall be STAYED in this action pending further order of this Court.

2. If the JPML issues an order transferring this action to a different court, or if this action is otherwise consolidated or reassigned before another Judge in this District, the transferee court or judge may lift the stay in its discretion. If the JPML issues an order deciding not to transfer this action to another court, the Parties shall within 14 days of such decision submit a joint status report to this Court with a schedule for Defendants to respond to the Complaint.

3. The Parties reserve all other rights, including but not limited to, any Defendant's ability to object to issues related to service and/or jurisdiction.

Respectfully submitted,

Dated: March 1, 2023     ANIBETH BRAVO

By: */s/ Michael R. Reese*
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email: mreese@reesellp.com

LAUKAITIS LAW FIRM LLC
Kevin Laukaitis
737 Bainbridge Street #155
Philadelphia, PA 19147
Email: klaukaitis@laukaitislaw.com

*Counsel for Plaintiffs and the Putative Class*

-4-

Dated: March 1, 2023                    TIKTOK INC. AND BYTEDANCE INC.

By: */s/ Steven P. Mandell*
Samantha Machock
12235 El Camino Real
San Diego, CA 92130-3002
Telephone: (858) 350-2300
Facsimile: (866) 974-7329
Email: smachock@wsgr.com

Anthony J Weibell (*pro hac vice forthcoming*)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: weibell@wsgr.com

Steven P. Mandell (#6183729)
MANDELL MENKES LLC
333 W. Wacker Dr., Suite 450
Chicago, Illinois 60606
Telephone: (312) 251-1000
Email: smandell@mandellmenkes.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on March 1, 2023, the foregoing was caused to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

By: */s/ Steven P. Mandell*